### ROBINSON v. LEE.

(Circuit Court, D. South Carolina. May 2, 1903.)

**1. AMICUS CURIÆ—RIGHT TO APPEAR—QUESTION OF GENERAL INTEREST.**

In an action involving the validity of the revenue bond scrip issued by the state of South Carolina, to the amount of $1,800,000, under Act March 2, 1872 (Laws 1871–72, p. 80), and the question whether the state can be compelled to receive such scrip in payment of taxes, other citizens and taxpayers of the state have such an interest that they may properly be permitted to intervene and be heard through an attorney appearing as amicus curiæ.

**2. DISMISSAL—COLLUSIVE SUIT.**

An action in a federal court to recover real estate by a purchaser at tax sale who has obtained a deed purporting to convey the legal title will not be dismissed as collusive merely because the owner of the property tendered state scrip in payment of the taxes, and on its refusal permitted the property to go to sale for the purpose of obtaining a judicial determination of the question of the validity of the scrip, where any agreement between the parties to collusively confer jurisdiction on the court is denied.

Action at Law. Intervention by amicus curiæ.

D. W. Robinson, for plaintiff.
Wm. H. Lyles, for defendant.
Wm. Elliott, Jr., for amicus curiæ.

SIMONTON, Circuit Judge. The plaintiff, H. S. Robinson, a citizen and resident of North Carolina, brought his action against T. B. Lee, Jr., a citizen and resident of South Carolina, for the recovery of a tract of land in Fairfield county, in the last-named state, of which he claims to be the owner. The action was tried before the court and a jury at the November term of this court, 1901. The court desired evidence as to the value of the land in dispute, and, evidence having been offered and submitted to the jury, they found the value to be $2,000. Thereupon the complaint was dismissed for want of jurisdiction. Thereupon counsel moved for a new trial on the ground of surprise. The answer of defendant had admitted the allegation of the complaint as to the value of the land being over $2,000. The inquiry as to this fact was instituted by the court. A new trial was allowed. The case came up for a second trial, trial by jury was waived, and the issues were submitted to the court.

The plaintiff holds under a tax title, the land in question having been sold for default in payment of the taxes. The landowner had tendered payment of the taxes, but included in it, to make the aggregate, certain Blue Ridge bond scrip, which tender was refused. Pending the cause, A. C. Buchanan, Thomas W. Ruth, William R. Doty, Andrew B. Cathcart, and Thomas W. Trailer, citizens and taxpayers of Fairfield county, by their attorney, appeared and asked that he have leave to file such brief and submit such argument as may appear essential to a full and complete presentation of the questions involved herein as the same affects their interest. The revenue bond scrip has been declared not receivable for taxes, and in this point of view the interest of these parties appears.

The intervention of an amicus curiæ has frequently been allowed. Instances are quoted by counsel for the petitioners found in the Am. & Eng. Enc. of Law (2d Ed.), under title "Amicus Curiæ," and in Enc. of Pl. & Pr. Vol. 2, p. 758, titled "Arguments of Counsel," § 16. The question of the validity of the Blue Ridge bond scrip affects every taxpayer in the state. If this scrip be receivable for taxes, the debt of the state will be largely increased and the burden of taxation will be also increased. Although this suit would have an immediate effect only on the parties in the case, still it may decide the general question, and so anticipate a final decision. The affidavits and arguments of the amicus curiæ have been admitted and have received careful attention.

Aside from the merits of the case, two objections are suggested by the amicus curiæ. One is that this is a collusive suit; the other is that the matter in controversy does not equal $2,000.

With regard to the charge that this is a collusive suit, W. H. Lyles, Esq., attorney for the defendant, has filed an affidavit categorically denying the charge. He alleges that he has but very slight acquaintance with the plaintiff, and denies positively any collusion with him. Mr. Lyles is a prominent member of the bar of high character, and his statement, whether under oath or not, is entitled to the highest credit. It may be, it no doubt is true, that Mr. Lyles has sought, at least had embraced this occasion, to test the validity of the Blue Ridge bond scrip, of which he is a holder. But if the controversy be a real one, as he swears that it is, this is not in any legal sense a fraud for him to form a purpose and perhaps to tender the scrip in payment of his taxes, in order that there might be a judicial determination of the question of its validity. Tindal v. Wesley, 167 U. S. 209, 17 Sup. Ct. 770, 42 L. Ed. 137. It is true that, if it were made to appear that the suit was collusively brought for the purpose of conferring jurisdiction on this court, it would be dismissed by the court suo motu. William v. Nottawa, 104 U. S. 209, 26 L. Ed. 719. But in this case it appears that the land in dispute was forfeited for taxes, was sold in consequence thereof, was purchased by the plaintiff, who claims the legal title without the connivance of the taxpayer, and that the purchaser now seeks to enforce his purchase. Under Manufacturing Co. v. Bradley, 105 U. S. 180, 26 L. Ed. 1034, the action could be maintained, even if the purchase had been made under an understanding with the taxpayer, provided that the plaintiff had obtained the legal title.

The most formidable objection is as to the value of the matter in dispute—the price of the land. The amicus curiæ has furnished a number of affidavits showing that a tract of land called the "Rice Tract" is worth very much less than $2,000, being under the impression evidently that the Rice tract is the land in dispute. Plaintiff and defendant, however, have both filed affidavits showing the opinion of persons as to the value of the tract of land mentioned in the pleadings, which is not the Rice tract, but another tract. These affidavits contain an estimate of a number of persons as to the value of the land, and in their estimate it greatly exceeds $2,000. The affidavits also show that the rental value of the land is at least $300 to $500 per annum.

Considering all the circumstances of the case, it appears that the suit can be maintained in this court.