LEE *v.* ROBINSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA.

No. 8. Argued December 6, 7, 1904.—Decided December 19, 1904.

Article IX, § 10, of the constitution of South Carolina of 1868, forbidding, except as specially authorized in the constitution, the issue of scrip or other evidence of state indebtedness except for the redemption of existing indebtedness of the State, forbade the issue of scrip under an act passed in 1872 to take up the State's guaranty of railroad bonds under an act passed in 1868 subsequent to the ratification of the constitution, notwithstanding that acts had been passed in 1852 and 1854 authorizing such guaranty, it appearing that the guaranty had not actually been endorsed on the bonds prior to the ratification of the constitution and that the act of 1868 was not an adjustment of an old debt but the granting of new aid to the railroad and the authorizing of an original issue of bonds.

THE facts are stated in the opinion.

*Mr. William H. Lyles* for plaintiff in error.

*Mr. D. W. Robinson* for defendant in error.

*Mr. William Elliott, Jr.,* by leave of the court, filed a brief as *amicus curiæ.*

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action to recover land, brought by Robinson, the defendant in error, a citizen and resident of North Carolina, against Lee, a citizen and resident of South Carolina, on the ground that Robinson had purchased the land at a tax sale.

The value of the land is alleged and found to be more than $2,000. The defense is that a tender was made of the amount of the taxes before the sale. This tender included, as a part of it, revenue bond scrip of the State of South Carolina for five dollars, purporting on its face to be receivable in payment of taxes, and the question is whether the tender was good, or, more precisely, whether the bond scrip was receivable for taxes under the Constitution of the United States and the constitution and laws of South Carolina. The Circuit Court held the tender bad, on the double ground that the issue of the scrip was in contravention of the constitution of the State and that the scrip was a bill of credit within the prohibition of Article 1, Section 10, of the Constitution of the United States. 122 Fed. Rep. 1012. Judgment was given for the plaintiff, Robinson, and this writ of error was brought, setting up that the contract rights of the defendant under the Constitution of the United States were impaired by the laws hereafter mentioned which excluded the reception of the scrip for the tax.

Counsel other than those representing the parties was permitted to file a brief as *amicus curiæ,* and urged that this was a collusive suit. But the Circuit Court held that it was not, 122 Fed. Rep. 1010, and we accept the finding for the purposes of disposing of the case.

The revenue bond scrip was issued under an act of March 2, 1872, entitled "An act to relieve the State of South Carolina of all liability for its guaranty of the bonds of the Blue Ridge Railroad Company, by providing for the securing and destruction of the same." This act purported to authorize the issue to the amount of $1,800,000, "which revenue bond scrip shall be signed by the state treasurer, and shall express that the sum mentioned therein is due by the State of South Carolina to the bearer thereof, and that the same will be received in payment of taxes and all other dues to the State, except special tax levied to pay interest on the public debt." But the Supreme Court of the State held that the scrip constituted bills of credit within the prohibition of the Constitution of the

United States, Article 1, Section 10. *State ex rel. Shives* v. *Comptroller General*, 4 S. Car. 185. The pledge of the State's credit and the provisions for the redemption of the scrip were repealed by the Legislature, and under the fiscal laws of the State the scrip had not been receivable for taxes since 1873.

We are of opinion that the issue of the scrip was forbidden by the constitution of the State. When the scrip was issued, the constitution of South Carolina, ratified on April 16, 1868, in Article IX, Section 10, provided as follows: "No scrip, certificate or other evidence of state indebtedness shall be issued except for the redemption of stocks, bonds, or other evidence of indebtedness previously issued, or for such debts as are expressly authorized in this constitution." There was also a further provision that "any debt contracted by the State shall be by loan on state bonds, of amounts not less than fifty dollars each, on interest payable within twenty years after the final passage of the law authorizing such debt."

The guaranty from which the scrip was to relieve the State was a guaranty of bonds of the Blue Ridge Railroad Company, which was endorsed upon them by authority of an act approved September 15, 1868. The State long had favored this road, and had held its stock. It had authorized the guaranty of bonds in 1852, and again in 1854 repealing the former act. But the act of 1868 recited that the Comptroller General of the State had not endorsed any of the bonds issued under the act of 1854, and that the conditions imposed upon such endorsement had become impossible and injudicious. So it might be assumed from the face of the statuté of 1868 that there was no outstanding liability represented by the guaranty under that statute, and we see no ground for doubt that the guaranty must be considered as a new contract made for the first time, in substance as well as form, after the Constitution of 1868 went into effect.

The guaranty under the act of 1868 cannot be put under the head of "such debts as are expressly authorized in this Constitution," since it was not in the form required for debts

contracted under the constitution of 1868. We are of opinion that it equally little satisfies the other exception in Article IX, Section 10, quoted above, of a contract made for the redemption of an "evidence of indebtedness previously issued." Whether the word "previously" refers to the date of the constitution or to the date of issuing the guaranty, the guaranty of 1868 is not and does not purport to be made for the redemption of a previous evidence of debt.

It is argued that, whether there was a liability or not, the acts before 1868 having purported to pledge the credit of the State to secure the bonds of the railroad company, as they did, there was color of liability, and the act of 1868, or at any rate the act of 1872, authorizing the bond scrip, was the adjustment of a claim against the State under Article IX, Section 4, of the state constitution. But the act of 1868 did not purport to be an adjustment. On the contrary, it purported, as we have said, to give new aid to the railroad and to authorize an original issue. The act of 1872, again, dealt only with the supposed liability under the act of 1868, and provided for the satisfaction of that. If that liability did not exist the statute no more could ratify it than it could call it into being. The liability for which scrip could be issued was required by the constitution to be one existing before the issue was made. Moreover, the act of 1872 did not purport to be an adjustment of a matter in dispute or an adjustment in any sense. It simply assumed that there was an outstanding liability, and provided for the satisfaction of it. The question is not whether payment of the bond scrip would be valid, but whether the bond scrip was issued under the conditions which the state constitution imposed.

*Judgment affirmed.*