HAROLD F. KEMP et al., Plaintiffs, *v.* SOPHIE RUBIN, Defendant.

Supreme Court, Special Term, Queens County, August 7, 1946.

*Wait, Wilson & Newton* for plaintiffs.

*Paul R. Silverstein* for defendant.

*Andrew D. Weinberger* for National Association for the Advancement of Colored People.

*Will Maslow* for American Jewish Congress.

FROESSEL, J. The American Jewish Congress and the National Association for the Advancement of Colored People move by two separate applications " for an order admitting [movant] as Amicus Curiæ in this action to participate in the trial thereof, and all motions or other proceedings taken therein, and directing the service of copies of all papers upon the said Amicus Curiæ ".

Notice was given to the attorneys for both plaintiffs and defendant. The attorney for the defendant did not appear, and it is fair to assume that he does not object, and indeed would be willing, to have these applicants co-operate with him. The attorney for the plaintiffs does object upon the ground that the application is premature and that there is no authority for granting it.

The phrase " *amicus curiæ* " has been defined as " one who gives information to the court on some matter of law in respect of which the court is doubtful (*The Claveresk*, 264 F. 276, 279). In our own State in *Matter of Colmes* v. *Fisher* (151 Misc. 222, 224) the court, adopting the definition from *In re Perry* (83 Ind. App. 456) said: " ' * * * an *amicus curiæ* is one who, as a stander by, when a judge is in doubt or mistaken in a matter of law, may inform the court. He is heard only by leave,

and for the assistance of the court, upon a case then before it. He is not a party to the suit, and has no control over it.' " Similar definitions will be found in the law dictionaries and the various digests. Bouvier tells us that the custom of permitting a friend of the court to assist it " cannot be traced to its origin, but is immemorial in the English law "; that it is recognized in the Year Books as well as in the Roman system from which it was incorporated in the English system. (1 Bouvier's Law Dictionary, p. 188.) We find many references to it in the earlier as well as the later periods of the common law; it appears in the English statute passed in the eleventh year of Henry IV, referred to in *United States* v. *Gale* (109 U. S. 65; 2 Coke's Inst. 178; 2 Vin. Abr. 475; *Prince's Case,* 8 Coke 13, 29). The practice is recognized generally throughout the United States. (1915A Am. & Eng. Ann. Cas. 193–198; 1 R.C.L., *amicus curiæ,* §§ 1–7, pp. 1051–1054; 1 R.C.L. Supp., *amicus curiæ,* pp. 316–317.)

From an examination of the many authorities upon the subject, it appears to be well settled that the function of an " *amicus curiæ* " is to call the court's attention to law or facts or circumstances in a matter then before it that may otherwise escape its consideration; it is a privilege and not a right; he is not a party, and cannot assume the functions of a party; he must accept the case before the court with issues made by the parties, and may not control the litigation.

In the case at bar, no phase of this litigation is now pending before me for judicial determination, excepting the instant motion. The trial of the action is pending and will in due course come before a justice of this court at some later date. Assuming I had the power, it would be presumptuous of me, to say the least, to grant this motion without knowing whether the justice before whom any phase of this litigation may come for judicial determination, desires it. Despite the fact that I should be quite willing to permit the petitioners to appear as *amici curiæ* were any phase of this litigation actually before me for judicial determination, I cannot direct any justice to accept this assistance without his consent. When the petitioners here ask for an order granting them the right " to participate in the trial thereof, and all motions or other proceedings taken therein, and directing the service of copies of all papers upon " them contemporaneously with service upon the opposite party, they ask what is virtually tantamount to full intervention as parties. There is no authority for this relief, and accordingly, the motion is denied, without prejudice to renewal before any justice who may have any phase of this litigation before him for judicial determination.