Matter of the Petition of OSKAR TIEDEMANN AND COMPANY for exoneration from or limitation of liability, as owners of THE ELNA II.

Matter of the Petition of the UNITED STATES of America and Mathiasen's Tanker Industries, Inc., for exoneration from or limitation of liability as owners of THE MISSION SAN FRANCISCO.

Nos. 1764, 1765.

United States District Court
D. Delaware.
April 14, 1960.

See also 172 F.Supp. 609.

Richard F. Corroon of Berl, Potter & Anderson, Wilmington, Del., Raymond T. Greene of Kirlin, Campbell & Keating, Arthur M. Boal of Boal, McQuade & Fitzpatrick, New York City, for petitioners American Oil Co. et al.

Ernest S. Wilson, Jr., of Morford, Young & Conaway, Wilmington, Del., Thomas E. Byrne, Jr., and John W. Ennis, Jr., of Krusen, Evans & Shaw, Philadelphia, Pa., Perry A. Beck, New York City, for petitioner Oskar Tiedemann and Co.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., Harold G. Wilson and William C. Baker, Washington, D. C., for petitioner United States of America, etc.

Harold Leshem and Harvey B. Rubenstein, Wilmington, Del., Abraham E. Freedman and Marvin I. Barish of Freedman, Landy & Lorry, Philadelphia, Pa., for various claimants.

Wilfred J. Smith, Jr., and Frank J. Gentile, Jr., Wilmington, Del., John D. Richardson, Houston, Texas, for claimant Ruth Allen.

William H. Foulk, Wilmington, Del., and Benjamin F. Stahl, Jr., Philadelphia, Pa., for Captain Henri V. Rice.

Henry A. Wise, Jr., Wilmington, Del., and Marvin Schwartz, New York City, for claimant Healy.

Herbert L. Cobin, Wilmington, Del., for various claimants.

LAYTON, District Judge.

Before me is a motion of the United States dated March 16, 1960, to reopen this case for the presentation of further evidence, and, if said case is reopened, a further motion of American Oil Co., et al., for the purpose of permitting them to intervene amici curiae.

The foundation for these motions is the finding by this Court that the United States and/or Mathiasen's Tanker Industries, Inc., are not entitled to limit liability as the result of a collision between the USNS Mission San Francisco and the S. S. Elna II in the Delaware River, just south of New Castle on March 7, 1957. In its opinion dated November 13, 1959, this Court denied the motion for limitation of liability because (a) a tanker whose tanks have recently been discharged of J4 fuel is as potentially dangerous as a live bomb (a fact with which

all parties agreed) and (b) it was negligent for the Mission San Francisco under such circumstances not to have either (1) the so-called flue gas system installed or (2) its Butterworthing machines in good operating condition and to have "Butterworthed" the tanks before proceeding in her dangerous condition up the crowded, narrow channels of the River.

With the conclusions referred to as (B)(1) and (2), the United States disagrees and the Tanker industry as a whole, fearful that it has been unfavorably prejudiced thereby, wishes to intervene in order better to protect its position.

After careful consideration, I have concluded that the motions must be denied for a number of reasons.

■ These motions were not filed until four months after the opinion. No satisfactory reason is given for such a delay. The trial of this case took a full month and voluminous testimony was taken. Each party had ample opportunity to place all relevant evidence into the record, including much testimony bearing upon the disputed issue. Nor is this motion predicated upon after-discovered testimony or any other hardship but, rather, has to do with evidence known at the time of the trial and which could have been brought out then if the Government had chosen so to do.

■■ A representative of the Tanker industry, Mathiasen's, was a party and chose to place its defense in the hands of Government counsel. The balance of the Tanker industry has no standing whatsoever in this proceeding. Nor do I understand fully the argument advanced by Government counsel (at this juncture fronting for the Tanker industry) to the effect that the decision in

question will have a far-reaching, adverse effect upon the Tanker industry. If this Court's conclusion relating to B (1), above, does not represent good law, then presumably it will be corrected by the Court of Appeals. And if based upon an improper finding of fact flowing from an inadequate presentation of facts, then surely it will not be adopted in some future case where all the facts, including those which were not presented in this case, are placed before the trial judge. The matter of intervention of amici curiae is solely in the discretion of the trial Court and the circumstances here do not justify the granting of such an unusual right.

Finally, it is difficult completely to pass unnoticed a long article in the March 13th issue of the Sunday New York Times in which representatives of the Maritime Transport Lines, Inc., a large operator of Tankers, declared unqualifiedly in the public press that the flue gas system had long since proved itself as a safety device on tankers in connection with explosions due to gas fumes mixed with air, which statement was also substantially endorsed by a captain of one of the vessels in Mathiasen's own fleet.

While such statements are not evidence and have played no part in the conclusion here reached, there would seem to be at least some agreement in the Tanker trade with this Court's finding of fact under B(1) above referred to. In any event, it is apparent that the additional evidence sought to be adduced if this motion were granted would be countered by even further evidence, the existence of which is revealed by the article just discussed.

Both motions will be denied.