Fred J. Munder, J.
The petitioners in this proceeding under article 78 of the CPLR seek to review the determination of the Town Board of the Town of Huntington to acquire certain real property at East Northport and they ask that there be vacated an order of this court made on June 14,1965 granting the town’s petition in a condemnation proceeding and vesting the title to the real property in the town.
The instant petition is defective for several reasons. It is fatally defective in that what is sought to be reviewed is a legislative act and such an act is not subject to judicial review in an article 78 proceeding. (Matter of Brent v. Hoch, 13 A D 2d 505.) Additionally, this is a collateral attack upon an order in another proceeding from which no appeal was taken and the time therefor has expired.
That the petitioners were permitted to intervene amici curia in the condemnation proceeding, in an effort to delay but not to defeat the taking, was a grant of favor not of right. In Kemp v. Rubin (187 Misc. 707, 709) Mr. Justice Froessel, said: “ From an examination of the many authorities upon the subject, it appears to be well settled that the function of an ‘ amicus curia ’ is to call the court’s attention to law or facts or circumstances in a matter then before it that may otherwise escape its consideration; it is a privilege and not a right; he is not a party, and cannot assume the functions of a party; he must accept the case before the court with issues made by the parties, and may not control the litigation.” Without power to control the litigation the petitioners had no right to appeal the prior determination. (Matter of Richmond County Soc. for Prevention of Cruelty to Children, 11 A D 2d 236.) Thus the unappealed order of the court became the law of the case and is binding not only on the litigants but on all the world.
Consequently this petition must be and it is dismissed.