Jesse C. ALEXANDER et al.,
Plaintiffs,

v.

William S. HALL, Individually, and in his capacity as Commissioner of Mental Health of the State of South Carolina, et al., Defendants.

Civ. A. No. 72–209.

United States District Court,
D. South Carolina,
Columbia Division.

July 16, 1974.

---

**154**

Herbert Buhl, III, Columbia, S. C., for plaintiffs.

John K. Grisso, U. S. Atty., Columbia, S. C., for United States, petitioner-intervenor.

Ellison D. Smith, IV, Asst. Atty. Gen. S. C., for defendants.

## ORDER

ON MOTION OF THE UNITED STATES OF AMERICA FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE OR, ALTERNATELY, TO INTERVENE AS PARTY PLAINTIFF PURSUANT TO RULE 24(b)(2).

HEMPHILL, District Judge.

This is a class action brought under Federal Rule of Civil Procedure 23. Plaintiffs, residents at the South Carolina State Hospital, filed their complaint on February 11, 1972, seeking varied relief under 42 U.S.C. § 1983 and claiming jurisdiction under 28 U.S.C. § 1343(3) and (4).

Basically, plaintiffs claim that the application of the commitment and detainment statutes, § 32–954 to § 32–970.2, inclusive, Code of Laws of South Carolina, 1962, Anno., deprives them, as involuntarily committed mental patients, of their civil rights as a class. A challenge as to the constitutionality of the state statutes resulted in the appointment by Chief Judge Clement F. Haynsworth, United States Fourth Circuit Court of Appeals, of a court of three judges, the Honorable Donald Russell, Circuit Judge, the Honorable Robert Chapman, District Judge, and this member of the court, to be convened as provided in 28 U.S.C. § 2281 and § 2284.

This court was given the responsibility of managing the pretrial procedures. After almost 2½ years of discovery, the record in this case, insofar as the court is now informed consists of plaintiffs' single set of 14 interrogatories, four depositions, 16 stipulations of fact regarding the commitment issue, and requests by defendants for the admission by plaintiffs of certain facts and the authenticity of certain documents.

Plaintiffs have depleted their litigation fund of approximately $2,000, as represented by their counsel, and, consequently, discovery has grinded to a halt. Therefore, plaintiffs have elicited the aid of the applicant, United States of America, via the Civil Rights Division of the Department of Justice. Attorneys for the applicant sent two FBI agents to interrogate defendant Hall and to demand answers from him to certain written questions within ten days. This action was taken without prior notice to defendants' attorneys and this court hastens to condemn such conduct by the Department of Justice as highly improper and patently unethical!

## THE MOTION

On May 15, 1974, the United States of America moved this court for leave to participate in this case as amicus curiae, accompanied by much fanfare on the local radio stations and in the state newspapers. The court has not attempted to determine who was responsible for the pretrial publicity and the information was not volunteered by any party. Again, this court must remark that an attempt to try a case in the news media rather than in the court is highly unethical on the part of any attorney!

In a collateral request, the United States moved for 90 days in which to conduct pretrial discovery. At a hearing held on May 31, 1974, the United States expressed no objection to being named a party plaintiff instead of being

limited to the role of an amicus curiae. As a result, the court requested the United States to supply documentation of its reasons for desiring to participate as either amicus curiae or a party plaintiff, legal authority for such participation, and statutory authority for the bringing of an independent action by the United States.

Because of the strong opposition to the participation of the United States, this court has prepared this written order instead of ruling on the motion from the bench, as would be the ordinary course of action in the interest of conserving judicial time and energy.

## ISSUES

I. Should the United States of America be granted leave to participate in this private civil class action suit as amicus curiae?

II. If not, should the United States of America be allowed permissive intervention in this private civil class action suit as a party plaintiff, pursuant to Federal Rule of Civil Procedure 24(b)(2)?

## PARTICIPATION AS AMICUS CURIAE

■ *Amicus curiae* is a Latin phrase for "friend of the court" as distinguished from an advocate before the court. Allen v. County School Board of Prince Edward County, 28 F.R.D. 358 (E.D.Va.1961); Clark v. Sandusky, 205 F.2d 915 (7th Cir. 1953). It serves only for the benefit of the court, assisting the court in cases of general public interest, Williams v. Gèorgia, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161 (1955); The Claveresk, 264 F. 276 (2d Cir. 1920); Moffat Tunnel Improvement Dist. v. Denver & S. L. Ry. Co., 45 F.2d 715 (10th Cir. 1930), cert. denied, 283 U.S. 837, 51 S.Ct. 485, 75 L.Ed. 1448; by making suggestions to the court, Clark v. Sandusky, supra; City of Winter Haven, Fla. v. Gillespie, 84 F.2d 285 (5th Cir. 1936), cert. denied sub nom, Hartridge-Cannon Co. v. Gillespie, 299 U.S.

606, 57 S.Ct. 232, 81 L.Ed. 447 (1936); by providing supplementary assistance to existing counsel, Strasser v. Doorley, 432 F.2d 567 (1st Cir. 1970), and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision, Robinson v. Lee, 122 F. 1010 (C.C.D.S.C.1903), affirmed, 196 U.S. 64, 25 S.Ct. 180, 49 L. Ed. 388 (1904); Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 (2d Cir. 1962), reversed on other grounds, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964).

■ An *amicus curiae* is not a party to the litigation, Clark v. Sandusky, supra, and therefore does not necessarily represent the views or interests of either party. Brown v. Wright, 137 F.2d 484 (4th Cir. 1943); Pueblo de Taos v. Archuleta, 64 F.2d 807 (10th Cir. 1933). Since an *amicus* does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*. Northern Securities Co. v. United States, 191 U.S. 555, 24 S.Ct. 119, 48 L.Ed. 299 (1903); Ginsburg v. Black, 192 F.2d 823 (7th Cir. 1951), cert. denied, 343 U.S. 934, 72 S.Ct. 770, 96 L.Ed. 1342 (1952); Petition of Oskar Tiedemann and Co., 183 F.Supp. 129 (D.Del.1961), affirmed, 289 F.2d 237 (3d Cir. 1961); cf. United States v. Shubert, 305 F.Supp. 1288 (S.D.N.Y. 1969); McLeod v. General Electric Co., 257 F.Supp. 690 (S.D.N.Y.1966), affirmed, 385 U.S. 533, 87 S.Ct. 637, 17 L. Ed.2d 588 (1967); Division 1287, Amal. Ass'n of Street Elec. Ry. & Motor Employees of America v. Dalton, 206 F. Supp. 629 (W.D.Mo.1962).

■ As an *amicus*, the United States would not be bound by any decision of the three-judge court and counsel for the United States has not denied that, if an adverse decision is rendered against plaintiffs in this action, it could bring an independent action to further harass defendants herein on the same facts and

involving the same issues of law. Since this court is of the opinion that, because of the extensive participation contemplated by the United States, it should be bound by any decision of the three-judge court, and that, as a result, the motion of the United States for leave to participate only as an *amicus curiae* should be denied.

### INTERVENTION AS PARTY PLAINTIFF

Before proceeding to the merits, defendants raise two technical points of procedure which must be answered. They assert that the United States has not satisfied Rule 24(c) [1] because no motion to intervene has been served upon the parties as provided in Rule 5 and there has been no accompanying pleading setting forth the claim for which intervention is sought.

■ As to defendants' first objection, the United States has served, upon the court and upon the parties as provided in Rule 5, a proposed Memorandum and Order Designating the United States as Plaintiff-Intervenor. This court finds such a paper sufficient to satisfy the requirement of Rule 24(c) as a "motion to intervene".

As to defendants' second objection, the United States has stated in an accompanying pleading that "we would adopt the plaintiffs' Complaint as our Complaint in intervention . . . ." Again, this court finds such a statement sufficient to satisfy the requirement of Rule 24(c) as a "pleading setting forth the claim . . . for which intervention is sought."

Although there appears to be no case law on these particular points, such a determination is within the liberal construction of the Federal Rules of Civil Procedure required by Rule 1.[2] One of the main purposes for the adoption of the rules of civil procedure for the federal trial courts was to eliminate the antiquated code-type pleading by which a party very often found itself out of court on a procedural technicality rather than on the merits of its claim. Adoption of defendants' strict interpretation of Rule 24(c) would lead to such an unmeritorious result and therefore will not be followed by this court.

■ As to the merits of its motion, the United States does not assert that it is entitled to intervene as a matter of right under Rule 24(a)(2) but instead contends that this court should allow its permissive intervention as a matter of grace under Rule 24(b)(2).[3] This rule establishes three conditions which the United States must meet in order to intervene.

(1) the application must be timely;

(2) its claim and the main actions have a question of law or fact in common;

(3) in its discretion, the court shall determine that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

---

1. Fed.R.Civ.P. 24(c). Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim . . . for which intervention is sought. . . .

2. Fed.R.Civ.P. 1. Scope of Rules.
   These rules govern the procedure in the United States district courts in all suits of a civil nature. . . . They shall be construed to secure the just, speedy and inexpensive determination of every action.

3. Fed.R.Civ.P. 24(b)(2). Permissive Intervention.
   Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

### 1. *Timeliness*

Defendants assert that the intervention of the United States is untimely on two grounds: first, this case has been already pending approximately 2½ years; and second, the Civil Rights Division of the United States Department of Justice has, for well over a year and possibly longer, been aware of this lawsuit and the issues involved, but has waited until the present time to become embroiled in this litigation. This second ground smacks of a laches argument.

■ These reasons, either separately or together, do not adequately establish the attempt of the United States to intervene as untimely. Timeliness, with respect to Rule 24(b)(2) or any other rule for that matter, does not depend solely upon the amount of time that has elapsed since the institution of a lawsuit but, instead, depends more upon the readiness of the case for trial. Smith Petroleum Serv., Inc. v. Monsanto Chemical Co., 420 F.2d 1103 (5th Cir. 1970); Kozak v. Wells, 278 F.2d 104 (8th Cir. 1960). In this instance, because so little discovery has been conducted and because much of the information is now outdated, participation by the United States would not delay resolution of the issues since the case is still far from ready for trial.

### 2. *Common Questions of Law or Fact.*

Defendants contend that the United States should not be permitted to intervene because the petitioner demonstrates only a general interest in the subject matter of the litigation and there are no common questions of law or fact between plaintiffs and the petitioner-intervenor, United States.

■ It is true that a petitioner-intervenor must demonstrate more than a general interest in the subject matter of the litigation before intervention should be allowed. Radford Iron Co. v. Appalachian Electric Power Co., 62 F.2d 940 (4th Cir. 1933); Allen v. County School Board of Prince Edward County, 28 F.R.D. 358 (E.D.Va.1961); Jewell Ridge Coal Corp. v. Local No. 6167, U.M.W., 3 F.R.D. 251 (W.D.Va.1943).

However, the interest of the United States in this litigation is more than a passing fancy. The federal government has long had an interest in the improvement of mental health facilities, the maintenance of adequate training for professional personnel, and the administration of proper treatment for mentally ill individuals. Substantial sums of federal money are expended annually in the area of mental health care under the Medicaid program, 42 U.S.C. § 1396 et seq., the Medicare program, 42 U.S.C. § 1395 et seq., and the Community Mental Health Centers Act, 42 U.S.C. § 2681 et seq.

This court believes that this case involves issues of wide and general public importance to the nation and particularly to the people of South Carolina, and that the public interest can best be represented by the United States.

To the best of this court's information, only one federal trial court has defined the elements of constitutionally adequate mental health care, Wyatt v. Stickney, 344 F.Supp. 373 (M.D.Ala. 1972), and only one other federal trial court has dealt fully with the constitutionality of the mental health commitment procedures of a state, Lessard v. Schmidt, 349 F.Supp. 1078 (E.D.Wis. 1972), vacated on other grounds, 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (Jan. 14, 1974).

The United States has nonstatutory authority to sue to remedy widespread and severe deprivations of constitutional rights. In re Debs, 158 U.S. 564, 15 S. Ct. 900, 39 L.Ed. 1092 (1895); United States v. Brand Jewelers, Inc., 318 F. Supp. 1293 (S.D.N.Y.1970); United States v. City of Jackson, 318 F.2d 1 (5th Cir. 1963), rehearing denied, 320 F.2d 870 (5th Cir. 1963); United States v. United States Klans, 194 F.Supp. 897 (M.D.Ala.1961); United States v. Lassiter, 203 F.Supp. 20 (W.D.La.1962), af-

firmed, 371 U.S. 10, 83 S.Ct. 21, 9 L.Ed. 2d 47 (1962).

The United States has a valid interest in the vindication of the constitutional rights of citizens such as those confined to the South Carolina State Hospital. Any independent suit which might be brought by the United States against South Carolina officials to vindicate the alleged deprivations of constitutional rights of such patients would present the same legal issues and factual claims posited in this case. The requirement of common questions of law or fact in Rule 24(b)(2) has been fully met by the United States.

### 3. *Possible Undue Delay or Prejudice to Original Parties.*

Having found that the permissive intervention of the United States satisfies the conditions of timeliness and commonality, this court must now determine, in its discretion, whether the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. This is the final and most important consideration to be made by a court pursuant to Rule 24(b)(2).

Defendants do not assert they will be in any way prejudiced, as original parties, by the permissive intervention of the United States. Instead, they raise the question of possible undue delay in the adjudication of their rights.

It appears to this court that, because so little discovery has been conducted to date, the permissive intervention of the United States will not unduly delay adjudication of the rights of defendants, as original parties, more than is necessary in any event.

Counsel for the United States expressed a desire to assist the three-judge court by supplementing the efforts of private counsel and counsel for the state to insure a complete and full development and presentation of the facts and issues in this case. Subject to this court's direction and approval, the United States proposes to use its resources and expertise to assist the court in reaching a just decision on the novel and complex issues presented by this case. The efforts of the United States in this respect were recognized by the court in *Wyatt,* supra, 344 F.Supp. at 375, as an "invaluable service".

The United States has assisted or is assisting other courts by supplementing the efforts of private counsel to insure that a full and complete record is before the court. Wyatt v. Stickney, supra (rights of mentally ill and retarded); Morales v. Turman, 364 F.Supp. 166 (E.D.Tex.1973) (rights of juvenile detainees); Costello v. Wainwright, C.A. No. 72–94 (M.D.Fla.) (rights of prisoners to medical care); Hooks v. Wainwright, 352 F.Supp. 163 (M.D.Fla.1972) (rights of prisoners to legal materials); Player v. Alabama, C.A. No. 3835–N (M.D.Ala.) (desegregation of child-care facilities); New York Association for Retarded Children v. Rockefeller, C.A. No. 72–C–356/357 (E.D.N.Y.); Davis v. Watkins, C.A. No. 73–205 (N.D.Ohio); North Carolina Association for Retarded Children v. North Carolina, C.A. No. 3050 (E.D.N.C.).

Counsel for the United States stressed that it does not propose to inundate the court with extraneous and irrelevant material, but rather to set out in precise form the current policies and practices of defendants, the applicable professional standards, and the remedial action, if any, needed to bring defendants into compliance with such of those standards which represent minimum constitutional requirements. Such an organized presentation of the issues could greatly expedite the court's consideration of this case, an especially important benefit where the time of three judges is involved.

■ Consequently, this court considers, in its discretion, that the public interest in the development of the law in the area of state mental health care would best be represented by the United

States and that this determination leads this court to allow permissive intervention of the United States in this case as a party plaintiff, pursuant to Rule 24(b)(2).

## CONCLUSIONS

I. The United States of America should not be granted leave to participate in this private civil class action suit as amicus curiae.

II. The United States of America is allowed permissive intervention in this private civil class action suit as a party plaintiff pursuant to Rule 24(b)(2) because:

(1) the application is timely;

(2) its claim and the main action have questions of law and fact in common; and

(3) in its discretion, the court has determined that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

For the foregoing reasons, it is therefore ordered that the Motion for Leave to Participate as Amicus Curiae filed by the United States under date of May 15, 1974, treated as a motion to intervene as a party plaintiff to this action, be and the same is hereby allowed.

As a party plaintiff, the United States shall have the right to conduct discovery, call witnesses, file motions and briefs, and present evidence and arguments upon the trial of the action before the three-judge court, and shall be bound by any judgment rendered herein in like manner and to the same extent as if joined as an original party plaintiff.

It is further ordered that the United States shall have 90 days in which to conduct pretrial discovery. The complaint of original plaintiffs shall be deemed to have been adopted by the United States, and it shall not be necessary for defendants to file further defensive pleadings in consequence of this order.

And it is so ordered.