683 So.2d 522 (1996)
CIBA-GEIGY LIMITED, BASF A.G., et al., Appellants,
v.
The FISH PEDDLER, INC., et al., Appellees.
No. 96-1536.
District Court of Appeal of Florida, Fourth District.
July 3, 1996.
*523 Robert D. McIntosh of Fleming, O'Bryan & Fleming, P.A., Fort Lauderdale, for appellants.
Kevin A. Malone, Kelley B. Gelb and Robert J. McKee of Krupnick, Campbell, Malone, Roselli, Buser, Slama, and Hancock, P.A., Fort Lauderdale, and John R. Beranek of MacFarlane, Ausley, Ferguson & McMullen, Tallahassee, for appellees Continental Grain Company, Seaboard Corporation, et al.

ORDER

ON MOTIONS TO FILE AMICUS CURIAE BRIEFS
PER CURIAM.
We have, to date, received motions to file two amicus briefs. Briefs from amicus curiae, which means "friend of the court," are generally for the purpose of assisting the court in cases which are of general public interest, or aiding in the presentation of difficult issues. Alexander v. Hall, 64 F.R.D. 152 (D.C.S.C.1974) and cases cited therein.
Although "by the nature of things an amicus is not normally impartial," amicus briefs should not argue the facts in issue. Strasser v. Doorley, 432 F.2d 567 (1st Cir. 1970). In the present case one of the amicus briefs appears to be nothing more than an attempt to present a fact specific argument of the same type as is contained in the appellants' 50 page brief. Since the parties are limited as to the number and length of briefs, amicus briefs should not be used to simply give one side more exposure than the rules contemplate. We therefore deny the motion to file an amicus brief on behalf of the Florida Chamber of Commerce.
Because our time for reading briefs is not unlimited, it would be helpful to the court if amicus would attempt to join together in one brief and cooperate with the parties so as not to be repetitious of the parties' briefs. In the interest of brevity, amicus *524 briefs should not contain a statement of the case or facts, but rather should get right to the additional information which the amicus believes will assist the court. And, although Florida Rule of Appellate Procedure 9.370 does not require a motion for leave to file an amicus brief to state whether the parties have consented, it would be appropriate for the motion to contain that information. See Rule 9.300(a).
STONE, WARNER and KLEIN, JJ., concur.