Deblase v Hill (2024 NY Slip Op 50901(U))

[*1]

Deblase v Hill

2024 NY Slip Op 50901(U)

Decided on July 15, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 15, 2024
Supreme Court, Kings County

Trevor Deblase and Nan Deblase, Plaintiffs,

against
Mitchell Hill, Defendant.

Index No. 522689/2023

Aaron D. Maslow, J.

This Court has issued interim orders with respect to Motion Sequences 1 and 2. On July 12, 2024, this Court issued an "Interim Order: Adjournment & Notice Regarding Amicus Curiae Briefs," providing as follows:
It is hereby ORDERED as follows:
the within motions are further adjourned to Thursday, August 22, 2024, at 10:00 a.m. in Courtroom 18.36, at the Kings County Supreme Court Courthouse, 320 Jay Street, Brooklyn, New York.
Notice Regarding Amicus Curiae Briefs
New York State Supreme Court, Kings County, IAS Part 2, will accept amicus curiae briefs on the issue presented in Deblase v. Hill, Kings County Index No. 522689/2023, Motion Sequences 1 and 2, to wit, whether the mother of a dog owner possesses a cause of action for infliction of emotional distress resulting from witnessing the dog being struck by a vehicle as she walked it on a leash across the street in a crosswalk. The deadline for amicus curiae submissions is August 15, 2024. Currently filed documents in this case may be viewed on the New York State Courts Electronic Filing (NYSCEF) online platform.
The Court now explicates its reasoning underlying such order and notice.
Plaintiff Nan Deblase describes what transpired in a July 4, 2023 motor vehicle accident as follows:
On July 4, 2023, I was a pedestrian and was walking my son's dog when we were involved in an accident whereby my son's dog was struck by a motor vehicle that I later learned was owned and operated by defendant MITCHELL HILL. The accident occurred at the intersection of East 64th Street and Strickland Avenue in Brooklyn, NY. Prior to the accident I was walking my son's dog on the sidewalk along Strickland Avenue and was intending on crossing over East 64th Street. Strickland Avenue is a two-way roadway in that area and both directions are controlled by a stop sign. Prior to the accident I was on the sidewalk. Prior to crossing over East 64th Street, I looked both ways before stepping off of the sidewalk and there were no cars near the intersection or any cars turning. I proceeded to step off of the sidewalk with my son's dog and we began to walk across East 64th Street and we were crossing within the cross-walk. I continued to check for any vehicles and there were none in the vicinity. When I had almost reached across to the other side, I observed a vehicle traveling on Strickland Avenue in the opposite direction. That vehicle did not have any directional signal on. I then observed that vehicle proceed though the stop sign without stopping, make a left turn from Strickland Avenue onto East 64th Street, and suddenly, and without any warning, strike my son's dog. There was nothing that I could do to prevent my son's dog from being struck. I have reviewed a video of this accident, and it is a fair and accurate portrayal of how this accident occurred. (NYSCEF Doc No. 11, Nan Deblase aff.)
In the first cause of action of Plaintiffs' complaint, Trevor Deblase seeks compensatory and exemplary damages (see NYSCEF Doc No. 9, complaint ¶ 18). The second cause of action is asserted by Nan Deblase. She claims that she was present in the zone of danger, observed the striking of the dog, and was herself in danger of being struck. She too seeks compensatory and exemplary damages (see id. ¶¶ 22, 25).
Plaintiff has moved for summary judgment on the issue of liability, striking all affirmative defenses as to liability, and for other, just, and proper relief (see NYSCEF Doc No. 7, notice of motion). Defendants have cross-moved for dismissal of Plaintiff's complaint pursuant to CPLR 3211 (a) (7) for failing to state a claim upon which relief may be granted (see [*2]NYSCEF Doc No. 17, notice of cross-motion).
Defendant asserts that the portions of Plaintiffs' complaint "which seek mental, emotional and psychological damages due to the death of the dog must be dismissed as there is no cause of action for same in the State of New York" (NYSCEF Doc No. 18, Deborah C. Zachary aff ¶ 5). Defendant cites to Greene v Esplanade Venture (36 NY3d 513 [2021]) for the proposition that the zone of danger doctrine in the law concerning infliction of emotional distress is limited to members of the plaintiff's immediate family. In Greene, the Court of Appeals adopted a modification to the common law to include a grandparent who witnesses a grandchild being killed. (See id. ¶¶ 6-7.) Defendant argues that "As much as we all love our dogs, they are not legally 'immediate family' (id. ¶ 9). He argues further that pets are personal property and that New York does not recognize a cause of action for the infliction of emotional distress for the loss of animals, citing to Mullaly v People (86 NY 365 [1881]); Kyprianides v Warwick Val. Humane Socy. (59 AD3d 600 [2d Dept 2009]); Jason v Parks (224 AD2d 494 [2d Dept 1996]); and Melton v South Shire U-Drive (32 AD2d 950 [2d Dept 1969]) (see id. ¶¶ 10-12). Defendant concludes its argument: "The damages in this matter are limited to the fair market value of the dog at the time of the accident and the cost of reasonable veterinary care. All claimed damages for emotional, mental, psychological, loss of companionship and 'zone of danger' damages must be dismissed for failure to state a cause of action upon which recovery may be granted." (Id. ¶ 13.)
Plaintiffs assert in opposition to Defendant's motion to dismiss, "Plaintiffs' action is to recover damages for mental and emotional injuries suffered in connection with the death of plaintiff Trevor Deblase's dog which was killed as a result of Defendant vehicle driver and owner's negligence when Defendant struck Mr. Deblase's dog with his vehicle within the crosswalk of East 64th Street at its intersection with Strickland Avenue, Brooklyn, NY. Plaintiffs also seek[ ] to recover damages for Plaintiff Nan Deblase's mental and emotional injuries suffered in connection with both the loss of a companion animal as well as herself being in the zone of danger while walking her son Trevor Deblase's dog at that time. In addition to these injuries, Plaintiffs have claimed property damage in the sum of $1,979.84, that being the sum of $2,500.00 for the cost of the dog and $479.84 for veterinary bills." (NYSCEF Doc No. 31, Lee M. Hutner aff ¶ 3).
In response to Defendant's legal arguments concerning New York law governing infliction of emotional distress, which presently bars recovery for psychological injuries sustained in connection with the death of animals, "Plaintiffs respectfully advocate that a change in the law is necessary as this principle is antiquated and not in line with both common societal views and trends in the law" (id. ¶ 4). Dogs "are certainly much more than personal property, and as countless dog owners can attest, are akin to family," maintain Plaintiffs (id. ¶ 5). Plaintiffs cite to cases wherein courts extended the status of companion animals in the law: Feger v Warwick Animal Shelter (59 AD3d 68 [2d Dept 2008]); Raymond v Lachmann (264 AD2d 340 [1st Dept 1999]); L.B. v C.C.B. (77 Misc 3d 429 [Sup Ct, Kings County 2022]); Corso v Crawford Dog and Cat Hosp. (97 Misc 2d 530 [Civ Ct, Queens County 1979]). Plaintiffs also cite Domestic Relations Law § 236 (B) (5) (d) (15) for a more enlightened view of animals in a divorce or separation action.
Plaintiffs' position can be summed up with their argument that "pets can be the equivalent of children" (id. ¶ 12). "Here too, this Court should not accept that a dog is simply a piece of personal property. Mr. Deblase's dog was a member of his family, and both [he] and his mother should be permitted to recover emotional damages suffered from the tragic loss of Mr. Deblase's dog due to Defendant's negligent operation of his vehicle." (Id. ¶ 16.)
This Court believes that the issue of whether a person may seek damages for emotional and psychological injuries under the circumstances described by Plaintiffs, in light of evolving notions of the status of companion animals in the law, requires more analysis than that submitted by the parties. While the Court appreciates the efforts made by the parties to argue the law on the issue presented, it is of the view that their submissions were too perfunctory.
It is noted that Plaintiff Nan Deblase was present in the zone of danger when the family dog was killed. In fact the video submitted into the record on these motions depicts her holding the leash to which the dog was attached when Defendant struck the dog. The invitation by Plaintiffs to expand the zone of danger doctrine to include a situation where a person is nearly killed by a vehicle driver while witnessing the family dog being killed must be viewed cautiously in light of a preference for "the slow process of decisional accretion" (Nonhuman Rights Project, Inc. v Breheny, 38 NY3d 555, 575 [2022], quoting People ex rel. Keitt v McMann, 18 NY2d 257, 263 [1966]). "New York law acknowledges that the relationships between humans and nonhuman animals are varied and complex and, in many contexts, the law clearly imposes a duty on humans to treat nonhuman animals with dignity and respect. However, also implicit in these statutes is a plain endorsement of the legal distinction between human beings and nonhuman animals. . . ." (Id. at 576).
In furtherance of the Court being provided with a thorough analysis of the issue, it has determined that the submission of amicus curiae briefs is appropriate. Rather than select a particular attorney or law firm, a practice criticized with respect to U.S. Supreme Court designations of selected individuals to submit amicus curiae briefs (see Katherine Shaw, Friends of the Court: Evaluating the Supreme Court's Amicus Invitations, 101 Cornell L Rev 1533 [Sept. 2016]), this Court has notified various bar associations and others, whose membership or clientele might conceivably have a legal interest in the subject issue, that amicus curiae briefs may be submitted.[FN1]
For example, the repercussions of adopting Plaintiffs' position carries increased exposure by insurance companies who, in turn, would have to pass it along to consumers. On the other hand, the subject issue implicates the interests of dog-owning families being exposed to reckless driving in their immediate vicinity, resulting in psychological injuries from nearly being killed simultaneously with their dog's being killed.
This Court views the submission of amicus curiae briefs as fulfilling an import role in [*3]elucidating the underpinnings of present law and the potential consequences of implementing changes:
Amicus curiae is a Latin phrase for 'friend of the court' as distinguished from an advocate before the court. Allen v. County School Board of Prince Edward County, 28 F.R.D. 358 (E.D.Va.1961); Clark v. Sandusky, 205 F.2d 915 (7th Cir. 1953). It serves only for the benefit of the court, assisting the court in cases of general public interest, Williams v. Georgia, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161 (1955); The Claveresk, 264 F. 276 (2d Cir. 1920); Moffat Tunnel Improvement Dist. v. Denver & S. L. Ry. Co., 45 F.2d 715 (10th Cir. 1930), cert. denied, 283 U.S. 837, 51 S.Ct. 485, 75 L.Ed. 1448; by making suggestions to the court, Clark v. Sandusky, supra; City of Winter Haven, Fla. v. Gillespie, 84 F.2d 285 (5th Cir. 1936), cert. denied sub nom, Hartridge-Cannon Co. v. Gillespie, 299 U.S. 606, 57 S.Ct. 232, 81 L.Ed. 447 (1936); by providing supplementary assistance to existing counsel, Strasser v. Doorley, 432 F.2d 567 (1st Cir. 1970), and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision, Robinson v. Lee, 122 F. 1010 (C.C.D.S.C.1903), affirmed, 196 U.S. 64, 25 S.Ct. 180, 49 L.Ed. 388 (1904); Banco Nacional de Cuba v. Sabbatino, 307 F.2d 845 (2d Cir. 1962), reversed on other grounds, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). (Alexander v Hall, 64 FRD 152, 155 [D SC 1974].)
Certain standards apply when a court accepts amicus curiae briefs:
Amicus curiae has been defined as "one who, as a standerby, when a judge is in doubt or mistaken in a matter of law, may inform the court." (Kemp v Rubin, 187 Misc 707, 708 [Sup Ct, Queens County 1946].) "[T]he function of an 'amicus curiae' is to call the court's attention to law or facts or circumstances in a matter. . . that might otherwise escape its consideration; it is a privilege and not a right; he is not a party, and cannot assume the functions of a party; he must accept the case before the court with issues made by the parties, and may not control the litigation." (Id. at 709.)
There are few cases addressing such applications in the trial court, in part because the parties may stipulate to amicus curiae status. (See e.g. Matter of New York Times Co. v City of NY Fire Dept., 195 Misc 2d 119 [Sup Ct, NY County 2003].) Certainly, where the trial court needs to obtain the advice of a disinterested expert on the law applicable to a proceeding before the court, it can invite the expert to file a brief amicus curiae, provided that it gives notice to the parties of the person consulted and a copy of such advice, and afford the parties reasonable opportunity to respond. (Rules of Judicial Conduct [22 NYCRR] § 100.3 [B] [6] [b].) "In cases involving questions of important public interest leave is generally granted to file a brief as amicus curiae." (Colmes v Fisher, 151 Misc 222, 223 [Sup Ct, Erie County 1934].) "Unlike the typical intervenor, amici are quite often large organizations or associations that represent a particular interest group." (Davies, Stecich, and Gold, New York Civil Appellate Practice § 8:4 [8 West's NY Prac Series 1996].)
(Kruger v Bloomberg, 1 Misc 3d 192, 195-196 [Sup Ct, NY County 2003].)
The reference in the Rules of Judicial Conduct to a judge's "obtain[ing] the advice of a disinterested expert on the law" is more applicable to ex parte communications outside the presence of the parties or their lawyers (22 NYCRR § 100.3 [B] [6] [b]). Any amicus curiae briefs would be submitted openly and with the parties afforded an opportunity to respond. Nonetheless, this Court believes it appropriate to enumerate the bar and other associations to whom notification concerning amicus curiae briefs was sent:
Albany County Bar Association
American Association of Insurance Services
American Property Casualty Insurance Association
Asian American Bar Association
ASPCA
Association of the Bar of the City of New York
Better Together Animal Alliance
Bronx Bar Association
Brooklyn Bar Association
Casualty Actuarial Society
Dominican Bar Association
Human Animal Bond Association
Insurance Brokers' Association of the State of New York
Insurance Federation of New York, Inc.
Latino Lawyers Association of Queens County LANA Law Group
LGBT Law Association of Greater NY
Nassau County Bar Association
National Association of Social Workers
New York County Bar Association
New York State Bar Association
New York State Insurance Association
New York State Trial Lawyers Association
Paws NY
Pet Advocacy Network
Queens County Bar Association
Richmond County Bar Association
Rockland County Bar Association
Suffolk County Bar Association
Women's Bar Association of the State of New York
Considering that this lawsuit is in its early stages, the Court deems it suitable to accept amicus curiae briefs (cf. Columbus Monument Corp. v City of Syracuse, 73 Misc 3d 967). "It is undisputed that an amicus as the term is translated, can be a real friend to the court in a complex case, alerting the court to unpresented implications to persons not parties to the action and to bring to the court's attention cases or recent reversals or affirmances of authorities cited by the parties, or other matters, such as legislative history relevant to the matter before the Court" (Price v New York City Bd. of Educ., 16 Misc 3d 543, 553 [Sup Ct, NY County 2007]). At the same time, it is acknowledged that an amicus should not propound facts, but accept the facts as [*4]alleged by the parties, and should do more than merely reiterate arguments or authority already submitted to the Court (see id. at 553-554). "[E]ach ill-considered amicus application puts an unnecessary and unwarranted burden on the court, as such application must be read and addressed, if only to be rejected" (id. at 553).
Since the benefits of having amicus curiae briefs outweigh any drawbacks in this case, the Court reiterates that it is ORDERED as follows:
The within motions are adjourned to Thursday, August 22, 2024, at 10:00 a.m. in Courtroom 18.36, at the Kings County Supreme Court Courthouse, 320 Jay Street, Brooklyn, New York.
The Court will accept amicus curiae briefs on the issue presented, to wit, whether a pedestrian possesses a cause of action for infliction of emotional distress resulting from witnessing the family dog being struck by a vehicle as she walked it on a leash across the street in a crosswalk and she herself was nearly killed. The deadline for amicus curiae submissions is August 15, 2024. Currently filed documents in this case may be viewed on the New York State Courts Electronic Filing (NYSCEF) online platform.
IT IS FURTHER ORDERED that should potential amici seek an extension of the deadline for filing a brief, the Court will consider such as is appropriate.
Moreover, the parties hereto are granted leave to respond to any amicus curiae briefs. If further adjournment of the motions is necessary to afford them the opportunity to do so, the Court will entertain applications to adjourn. The parties themselves are also granted leave to supplement their motion papers by August 19, 2024 and, if additional time is needed, applications for an adjournment of the August 22, 2024 scheduled date for oral argument will be considered.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:A court may consider the impact of a determination on non-parties as elucidated by an amicus (see Daesang Corp. v NutraSweet Co., 167 AD3d 1, 4 n 1 [1st Dept 2018]; Norse Energy Corp. USA v Town of Dryden, 108 AD3d 25, 29 n 4 [3d Dept 2013]; cf. Columbus Monument Corp. v City of Syracuse, 73 Misc 3d 967 [Sup Ct, Onondaga County 2021]).