The opinion of the court was delivered by
Blanchard, J.
This is an application for the exercise of our supervisory jurisdiction, by writs of certiorari and prohibition, to stay further proceedings in a criminal prosecution against the relator.
An information was filed charging him with selling by sample, for ' *1453 use in this State, two hundred and forty-seven packages of commercial fertilizer, and delivering the same to the purchasers here, from points outside the State, without compliance with the statute requiring such packages of fertilizer to be inspected and tagged.
The law alleged to have been violated is Act No. 72 of the Acts of Louisiana of 1894. We quote the immediate clause of the act upon which this prosecution is based, found in Sec. 6 thereof:
“Any person who shall sell, or offer for sale, any package of commercial fertilizer which has not been tagged as herein provided, shall be guilty of a misdemeanor, and on conviction thereof shall be fined in the sum of two hundred and fifty ($250) dollars for each offence. ”
It will be noticed that this statute makes it a misdemeanor, punishable by fine of two hundred and fifty dollars, neither less nor more, for selling or offering to sell eaoh package of fertilizer that has not been tagged. That is to say, under the precise terms of the law a separate offence is committed, punishable by two hundred and fifty dollars fine, for each package offered or sold untagged. Therefore, the information filed in this case charges the relator with the commission of two hundred and forty-seven separate offences, each punishable with the fine mentioned, when it alleges that he offered to sell and did sell two hundred and forty-seven packages of fertilizer without tags.' And if proof is made that he thus sold two hundred and forty-seven packages, and the jury so find, and render a verdict accordingly, the aggregate amount of the fine to be imposed on relator would equal the enormous sum of sixty-one thousand seven hundred and fifty dollars under this prosecution. Hence it is clear that this court would have jurisdiction of the case on appeal, for the Constitution gives the court jurisdiction in criminal cases, on questions of law, when a fine exceeding three hundred dollars is imposed.
The relator bases his application for the writs mentioned on the unconstitutionality of the statute referred to. His position is that the law under which he is being proceeded against contravenes the provisions of the Constitution of the United States as well as of the State; that it is, therefore, void, and no legal proceedings can be had thereunder. The purpose of his application, therefore, is to have the statute, or that part of it authorizing this prosecution, declared void for uneonstitutionality.
It is clear, of course, that this presents a “ question of law” of *1454 the highest character, since it involves a construction of the Constitution itself, and the same would be reviewable by us on appeal from the merits of the ease, that is to say, fr. m a verdict of conviction and a sentence of fine exceeding $300.
This being so it is the rule of this court in such-cases not to exercise its writ of prohibition, but to await the bringing up of the case regularly on appeal. Ordinarily, we exercise supervisory jurisdiction by writs of certiorari and prohibition only in unappealable cases, leaving errors committed in appealable causes, or questions affecting the validity of the statute upon which the prosecution is based, to be corrected or decided in due course on appeal. State ex rel. Walker vs. Judge, etc., 39 An. 132; Brouillette vs. Judge, etc., 45 An. 243; State ex rel. Morere et al. vs. Judge, 44 An. 1100; State ex rel. DeBuys vs. Judge, 32 An. 1256.
We are not to be understood, however, as holding that in no case which may be appealable will this court exercise its supervisory jurisdiction through the medium of the remedial writs mentioned. On the contrary, cases may arise where the court, in the exercise of a sound discretion and in furtherance of the ends of justice, will exert the control and supervision of inferior courts granted it by Art. 90 of the Constitution, even in cases where an ultimate appeal lies. See Brouillette vs. Judge, 45 An. 243.
But they must be cases of peculiar circumstances, or extreme urgency of necessity, which take them out of the general rule referred to. We do not deem the instant case to be of that character.
Even if the case were not appealable, it would not be too late after conviction, and the imposition of a ñne, to invoke the control and supervision of this court, through its writs, to grant relief from the effects of a statute void for unconstitutionality. We do not wish to be understood, by this, as intimating the statute in question is unconstitutional. Our opinion as to that is reserved.
Let the relator stand his trial on the information, and should conviction ensue and a flue is imposed vesting this court with jurisdiction on appeal, such appeal will bring before us all the questions now presented in his application for tne writs.
And, in any event, they can be gotten before us by seasonable application for the writs. We hold that the present application is not seasonable, but premature.
*1455 For these reasons it is ordered that the peremptory writ of prohibition be denied, and the rale nisi issued herein be discharged at the costs of relator.
Nicholls, O. J., absent; ill.