In the Matter of the Application of MAX COLMES and Another, Appellants, for a Certiorari Order Directed to EDWIN H. FISHER, as Director of Licenses of the City of Buffalo, New York, Respondent.

RETAIL MERCHANTS ASSOCIATION and Others, Respondents.

Supreme Court, Erie County, April 20, 1934.

*Killeen & Sweeney*, for the petitioners.

*Adrian Block*, for the respondents other than director of licenses.

LYTLE, J. This is an application to retax the costs as taxed by the clerk of the court, on the ground that the item of $134.98 for printing points was improperly allowed by the clerk for the reason that the order of the Appellate Division herein did not award any costs or disbursements to Retail Merchants Association, T. C. Tanke, Inc., T. & E. Dickinson & Co., Inc., and Edward Leininger, Inc., or to any of them, and that the order of the Court of Appeals herein did not award any costs or disbursements to said association and corporations or to any of them.

The item objected to includes the disbursements of the respondents, other than the director of licenses, for printing of the points in the Appellate Division and the points in the Court of Appeals.

The certiorari order herein was granted and entered herein on November 13, 1933. Said order recites that the attorney for the

respondents, other than the director of licenses, was heard by the Special Term as *amicus curiæ*. When said order of certiorari was granted, said attorney asked the Special Term to grant an order to bring in clients of his, without naming any of such clients other than Retail Merchants Association, under section 1302 of the Civil Practice Act, as persons specially and beneficially interested in upholding the determination to be reviewed. This order was granted on November 17, 1933, and upon the hearing of the proceeding in the Appellate Division that court refused to hear any oral argument from the attorney representing the respondents, other than the director of licenses, and received his brief in behalf of his clients only as a brief filed by said attorney as *amicus curiæ*.

In the Appellate Division, Fourth Department, the caption did not include or contain the names of the clients who were specially and beneficially interested in upholding the determination to be reviewed, and in the order affirming and confirming the determination of the director of licenses of the city of Buffalo there was an award of fifty dollars costs and disbursements to the respondent director of licenses. Subsequently, upon an appeal to the Court of Appeals, the attorneys for the petitioner included in the caption of the proceeding the names of the persons claiming to be specially and beneficially interested in upholding the determination to be reviewed.

It is the petitioners' claim that at no time throughout this proceeding said respondents, other than the director of licenses, became parties to the proceeding, and that the appearance of the attorney for said respondents was purely an appearance as *amicus curiæ*. As *amicus curiæ* the attorney representing certain clients, specially and beneficially interested in the determination, was not entitled to tax his disbursements, for his clients at no time throughout the proceeding became parties to the proceeding and the attorney's appearance in the proceeding did in no way change the character of the proceeding or tender any new issues to be determined.

Said respondents, other than the director of licenses, did not appear in said proceeding as intervenors, for the reason that they could not become intervenors, for they had no interest in the matter pending, and were not persons aggrieved by the determination to be reviewed.

In cases involving questions of important public interest leave is generally granted to file a brief as *amicus curiæ*.

In *People ex rel. Blakslee* v. *Commissioners* (135 N. Y. 447, at p. 449) the court said: " It is a cardinal principle, as applicable to proceedings by certiorari as to other legal proceedings, that a party cannot be heard in court who has no interest in the matter pending,

nor can he appeal from a determination by which he is in no way aggrieved. (Code, § 2127; *Colden* v. *Botts*, 12 Wend. 234; *Ex parte Mayor of Albany*, 23 id. 277; *People ex rel. Moore* v. *Mayor of New York*, 5 Barb. 43; *People ex rel. Merchants' National Bank* v. *Coleman et al., Commissioners of Taxes*, 41 Hun, 344.)" To the same effect see *State* v. *Rost* (49 La. Ann. 1451; 22 S. 421).

Even in an action at law, in case of intervention, where no issue was tendered by the intervenor, he is not entitled to costs where the issues tendered by the original parties to the action determine the rights of all the parties. (See *Reed* v. *Provident S. L. A. Soc.*, 190 N. Y. 111, at p. 120.)

The powers and functions of *amicus curiæ* are defined in 2 Corpus Juris (at p. 1325) as follows: " The office of a friend of the court is restricted to making suggestions as to questions apparent upon the record, or matters of practice presenting themselves for determination in the course of proceedings in open court. He may not take upon himself the management of the cause as counsel, and he has no control over the suit in any manner." (Cited with approval in *Kempf* v. *Kempf*, 128 Wash. 228; 222 P. 485.)

In *Matter of Perry* (83 Ind. App. 456; 148 N. E. 163) the court said: " an *amicus curiæ* is one who, as a stander by, when a judge is in doubt or mistaken in a matter of law, may inform the court. He is heard only by leave, and for the assistance of the court, upon a case then before it. He is not a party to the suit, and has no control over it."

In *State ex rel. Burg* v. *City of Albuquerque* (31 N. M. 576; 249 P. 242) the court said: " Only persons claiming to be adversely affected are authorized to question the constitutionality of an act (*Asplund* v. *Alarid, etc.*, 29 N. M. 129; 219 P. 786; 6 R. C. L. ' Constitutional Law,' § 87), and particularly is this true of *amicus curiæ* whose authority is to call the court's attention to facts or situations that may have escaped consideration. He is not a party and cannot assume the functions of a party. He must accept the case before the court with the issues made by the parties " (citing cases).

In *Baird* v. *Williston* (58 N. D. 478; 226 N. W. 608) a question arose whether a receiver of a closed bank was bound by a judgment because, although not served as a party, he appeared by counsel as *amicus curiæ*. The court said: " The mere fact that counsel for receiver made application *amicus curiæ* for leave to file a brief in this court does not in itself make the receiver a party to the case. One as *amicus curiæ*, comes as a friend of the court to render assistance in determining what the law of the matter is. Such person never appears until there is a case before the court and the facts developed at the trial of a case are not binding upon

him as such. (See 1 R. C. L. 1051; 2 C. J. 1322.) This relationship in itself alone does not make him a party to the suit."

In *Grand Rapids* v. *Consumers' Power Co.* (216 Mich. 409; 185 N. W. 852) it was held that a consumer and taxpayer was not entitled to intervene in a suit by the city to enforce power rates. The court said: " In cases involving questions of important public interest leave is generally granted to file a brief as *amicus curiæ*, but on such leave being granted it is not the practice to permit the *amicus curiæ* to argue the case or to go further than to file his brief. In the case of intervention the intervenor becomes a party to the litigation and is bound by the judgment; he may introduce testimony and be heard; he must of course, take the case as he finds it, and cannot question the propriety of the proceedings."

In *Union Steam Pump Sales Co.* v. *State* (216 Mich. 261; 185 N. W. 353) it was held that leave in original mandamus proceedings to file briefs as *amicus curiæ* does not deprive the parties to the action of their right to control the issues and only the issues raised by the parties will be considered. To the same effect see *Matter of Roff* ([Mo. App.] 50 S. W. [2d] 156); *Moffat Tunnel Improvement Dist.* v. *Denver & S. L. Ry. Co.* (45 F. [2d] 715); *The Claveresk* (264 F. 276).

Upon an examination of the entire proceedings I can reach only one conclusion, that the respondents, other than the director of licenses, never became or were parties to the proceeding to review the determination of the director of licenses, and, therefore, the disbursements of the attorney appearing as *amicus curiæ* are not taxable against the parties.

Although the names of certain persons, other than the director of licenses, are contained in the caption of the proceeding and are labeled as respondents, it is apparent that they were so named by the petitioners as a matter of professional courtesy so as to give proper notice not only to the court but also to said persons of their interest in said proceeding.

An order may be prepared accordingly.