PATRICK J. DAWE, Landlord, *v.* ABRAHAM SILBERMAN, Tenant.

Municipal Court of the City of New York, Borough of Queens, October 27, 1944.

*Martin Granirer* for landlord.

*Abraham Silberman,* tenant in person.

*Maurice R. Whitebook, Chief Attorney (Harold Tessler* of counsel), for Office of Price Administration, New York City Defense-Rental Area, *amicus curiæ.*

FITZPATRICK, J. During the hearing the attorney for the Office of Price Administration requested and received permission to intervene *amicus curiæ.* With the permission of the court he interrogated the landlord with several questions. Objection was made by the landlord's attorney, which objection was overruled. The basis of the objection was that anyone permitted to intervene *amicus curiæ* could not and should not be allowed to interrogate the witness, and should be limited strictly to advising the court on questions of law or pointing out facts which it is believed should be particularly called to the court's attention. A number of cases were cited to support this contention. They are principally contained in *Matter of Colmes* v. *Fisher* (151 Misc. 222). The Office of Price Administration attorney contradicted this view and cited the same cases in support of the court's ruling.

Upon reading these cases, and from independent research, the court is unable to find the absolute prohibition against the court's granting permission to ask questions. *Matter of Colmes* v. *Fisher (supra)* is conclusive only on the question of taxable costs. In at least one instance the *amicus curiæ* was permitted to introduce evidence. (*Bass* v. *Fontleroy,* 11 Tex. 698. See, also, holding the same way, *Parker et al.* v. *The State ex rel. Powell,* 133 Ind. 178; *In Re Perry,* 83 Ind. App. 456.) Where the public interest was involved the *amicus curiæ* was permitted to introduce and furnish affidavits (*Robinson* v. *Lee,* 122 F. 1010), and to file a plea and briefs (*State* v. *Rost,* 49 La. Ann. 1451). In another the motion of the *amicus curiæ* to dismiss a collusive action was granted (*Haley* v. *Eureka Co. Bank,* 21 Nev. 127) and in *The Claveresk* (264 F. 276) a certificate of the British Ambassador as to certain facts in the case was accepted from the *amicus curiæ* and considered by the court. It is true that unless a motion is granted to admit the intervener as a party, he has, as *amicus curiæ,* no standing in the action, no control over it, nor may he call witnesses or ask that they

be called, nor may he introduce new issues (*Moffat Tunnel Improvement Dist.* v. *Denver & S. L. Ry. Co.*, 45 F. 2d 715); and only the issues raised by the parties may be considered (*Union Steam Pump Sales Co.* v. *State*, 216 Mich. 261; *State ex rel. Burg* v. *City of Albuquerque et al.*, 31 N. M. 576); he may not move for a final decree in a divorce action (*Kempf* v. *Kempf*, 128 Wash. 228); and in one case it is stated that the practice is to limit the *amicus curiæ* to filing a brief (*Grand Rapids* v. *Consumers Power Co.*, 216 Mich. 409). His participation in the hearing is subject entirely to the discretion of the court (*In Re Perry, supra*; 2 C. J., Amicus Curiæ, § 1, *et seq.*; *In Re Roff*, 226 Mo. App. 1203). The lack of any cases dealing specifically with the right of the court to allow questions by the *amicus curiæ*, if not indicating a prohibition, indicates that the discretion, if it exists, should be exercised sparingly, if at all, and only for reasons of grave importance.

The rent control regulation is in effect because of a grave emergency and to promote and insure the war effort. The regulations are either to be made effective or they should be removed. The court does not feel that it should allow the regulation to be evaded or nullified by conducting the hearing as a contest between the parties to see who may gain the decision. Frequently the parties have been to the Rent Control Office before they come to court. In self-interest, or through inadvertence, certain relevant facts as to the application of the controls to the situation may be consciously or unconsciously suppressed or overlooked by either side. The present emergency being freighted with such a high public interest in the effective prosecution of the war, the court should not deprive itself of any opportunity to ascertain the facts unless the cases are clear in their prohibition. The landlord's attorney has indicated that the Office of Price Administration counsel should suggest questions to the court, and, in turn, the court should ask them. This seems a begging of the question. If the interrogations are competent at all, the court, in its discretion, should be able to enlist the aid of its friend in obtaining the answers as long as it is done within the issues. This is particularly true where the public has a paramount interest in seeing that the regulation is enforced, and is not a mere stranger. In matters of this kind the court should avail itself of all sources of information if they are in any way competent to aid the court in giving effect to the rent regulation. If the *amicus curiæ* may point out facts, the only way facts can be elicited in a court of law is by question and answer. The court, in its discretion, allowed such questioning.

At the close of the case, the landlord's attorney moved to strike out the questions asked by the Office of Price Administration attorney. For the foregoing reasons the motion is denied.

Upon the entire case the landlord has not sustained the burden of proof that the premises are in good faith required for the use and occupation of the landlord. The tenant is entitled to a final order.