Clare J. Hoyt, J.
In June, 1964 the defendants constituting the Common Council of the City of Poughkeepsie were considering amending the zoning ordinance as it affected approximately 24 acres of property in said city from R-l residential and C-2 commercial to B-5 multi-family residential. Plaintiffs, 57 persons who allegedly own property comprising at least 20% of the land either within the area of the proposed change, adjacent to it or directly opposite it, together with other persons, filed with the city on June 8, 1964 a protest against the proposed zoning ordinance amendment. If such protest was a valid one it would have required the Common Council to pass the amendment by a three-fourths vote rather than a simple majority (General City Law, § 83).
On June 10,1964 the zoning amendment was introduced before the Common Council. It was first read to the Council at its June 15, 1964 meeting. At that time it was tabled to permit the Corporation Counsel to study the protest to determine whether it was in accordance with section 83 of the General City Law. On July 6, 1964, the Common Council voted upon the amendment which vote resulted in six affirmative votes and three negative votes. This vote, of course, was sufficient for passage of the amendment if a simple majority was required but was insufficient if a three-fourths vote was required. At the time of the vote the Corporation Counsel had not yet ren *78 dered an opinion concerning the validity of the protest petition. However, at this same session at which the amendment was voted upon, by a resolution of the Council, the protest petition was referred to the Corporation Counsel for a determination as to its validity and its effect upon the Council’s vote. Thereafter, on September 9, 1964, the Mayor was authorized by the Council to appoint a committee composed of Council members to conduct a hearing on the validity of the protest petition.
Plaintiffs then instituted this action for a judgment declaring that the Common Council was without authority to refer to a committee and that said committee is without authority to determine the validity of the protest petition after a vote had been taken on the zoning ordinance amendment. The complaint further seeks to enjoin the defendants from holding any hearing with respect to the petition.
Issue has been joined by defendants.
There are now three motions before the court. First, Sidney L. King, an owner of a portion of the property within the area of the proposed zoning change, seeks leave to intervene as a party defendant and, if such application be granted, for an order dismissing the complaint for insufficiency. The motion for leave to intervene is granted. The proposed intervenor is ultimately and really interested in the outcome of this litigation as it affects the zoning amendment which, in turn, affects his real property (see Reed v. Village of Larchmont, 19 A D 2d 624; Mandel v. Guardian Holding Co., 192 App. Div. 390). The intervenor’s proposed answer which is identical to that of the defendants establishes that he has a common question of law or fact with the main action (CPLR 1013). However, until an order has been entered granting the right to intervene, the court cannot consider the intervenor’s motion to dismiss the complaint (United Baking Co. v. Bakery & Confectionery Workers’ Union, 257 App. Div. 501). Likewise, the court must deny the intervenor’s application to oppose plaintiffs’ motion herein which motion is next considered.
Plaintiffs seek to quash subpoenas served upon some of them by the committee appointed by the Common Council to determine the validity of the protest petition. Plaintiffs seek to enjoin said committee from proceeding with its hearing in furtherance thereof, pendente lite, and plaintiffs have obtained a temporary restraining order barring any such hearing being held and .staying defendants and their attorney “ from taking any further steps or proceedings ’ ’ in this action. Defendants have therefore not interposed any opposition to the motion to quash and to enjoin.
*79 Plaintiffs are not entitled to this temporary relief unless they can show they are clearly entitled to the relief they seek in the complaint (Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905) and have a reasonable probability of success in their action (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182; Alper v. Unowitz, 31 Misc 2d 352). Plaintiffs have failed to show this and their motion is thus denied and the temporary restraining order vacated.
Defendants have voted upon the zoning amendment but until the validity of the protest petition is determined it cannot be determined whether the amendment was adopted or defeated. Plaintiffs have not shown to the satisfaction of the court that a determination as to the validity of a protest after a vote has been had is unlawful. To the contrary, there is some authority that such procedures have heretofore been followed (Matter of Glen Cove Shopping Center v. Suozzi, 8 Misc 2d 247; Matter of B. R. M. Realty Corp. v. Flynn, 20 A D 2d 798). Until the protest petition is determined to be in accordance with or not in accordance with section 83 of the General City Law, a stalemate exists as to the status of the zoning amendment. After the city has been permitted to reach a determination on the protest petition, any interested party may seek a judicial review of such determination. Settle order.