John W. Sweeny, J.
In this CPLR article 78 proceeding in which an order of this court is sought enjoining the respondents Town Justice and District Attorney from proceeding with the prosecution of a misdemeanor complaint filed by Dominick Sacco, the latter has moved to intervene as a party respondent.
The petitioners herein are counsel of record for a plaintiff who obtained monetary judgment against Dominick Sacco in this court following a decision of the Appellate Division which affirmed an order granting summary judgment against Dominick Sacco on the issue of liability (Read v Sacco, 49 AD2d 471). The immediate factual background to the filing of the misdemeanor complaint in the local criminal court was petitioners’ erroneous service upon the same person of a second restraining notice against the property of the proposed intervenor, Dominick Sacco, without leave of court (CPLR 5222, subd [c]). This restraining notice was subsequently set aside by the order of this court (O’Gorman, J.).
This court has very strong reservations about permitting a complaining witness in a criminal proceeding to intervene in a related civil proceeding when his interests are being adequately represented by the District Attorney. However, while *651 che motion to intervene is hereby denied, because of the singularly unique background of the previous criminal and civil proceedings involving petitioners and movant (cf. Read v Sacco, 49 AD2d 471, supra; Read v Sacco, 54 AD2d 962), this court, in its discretion, will permit Dominick Sacco to appear amicus curiae (although the court notes the partisan interest of Dominick Sacco).
Since it is the understanding of the court that all parties have fully submitted their cases, the basic application of the petitioners shall now be considered.
The respondents properly contend that CPLR 7803 (subd 2) limits this court to considering whether the respondent officials are about to proceed in the criminal action instituted by Dominick Sacco without or in excess of their jurisdiction.
The respondent District Attorney also argues for dismissal of this proceeding based on the well-defined principle which proscribes this court from becoming involved in an "ongoing” criminal proceeding in another court (cf. Matter of State of New York v King, 36 NY2d 59).
Since, as respondents contend, there is no claim that they are about to act in excess of their authority, there is no jurisdiction for this court to act under the provisions of CPLR article 78. However, petitioners have sought alternate relief in the nature of a declaratory judgment (CPLR 3001) and an injunction. The article 78 form of petitioners’ moving papers does not prohibit this court from considering these latter prayers for relief (Kovarsky v Housing & Dev. Admin. of City of N. Y. 31 NY2d 184; CPLR 103, subd [c]), if the petitioners are otherwise entitled thereto.
The general rule prohibiting a collateral proceeding in this court to review alleged errors in criminal trials, which rule was reaffirmed by the Court of Appeals in Matter of State of New York v King (supra) was recently acknowledged by the undersigned in Garr v O’Connor (Supreme Ct, Orange County, Jan. 7, 1976 [Sweeny, J.]), where an application for a preliminary injunction restraining a trial before a Town Justice was denied. It should be noted that the petitioner in Garr, at the time of his application to this court, had not only been arraigned before the respondent Town Justice but he had also made an omnibus motion to dismiss which had been denied by that local court.
In this case, Dominick Sacco has already filed a misdemeanor complaint. Therefore, technically, a criminal action *652 has been commenced against the petitioners (CPL 1.20, subd 17). However, petitioners have not come under the jurisdiction of the local court and no further proceedings have taken place therein. A temporary restraining order has been issued by this court (Gagliardi, J.) enjoining any further proceedings in the local criminal court until after the disposition of the instant application. Therefore, since the petitioners are not presently and have never come under the jurisdiction of the local court, as a practical matter, a declaratory judgment action, if otherwise available in this court, would not seem to constitute an abrupt intervention in an ongoing criminal proceeding. "The declaratory judgment remedy is available to challenge the constitutionality, validity, effect or applicability of a penal statute or regulation where only questions of law are involved and where resort to the remedy may tend to avoid irreparable injury to a person who is alleged to be subject to prosecution for violation of the statute or regulation. In such case, the action may be maintained by the person against the public agency or officer whose duty it is to conduct a prosecution for the alleged violation, and injunctive relief may be had in the action.” (Italics supplied; Eager, The Declaratory Judgment Action,§ 40.)
The question before this court is simply one of law, viz., does the act of a judgment creditor’s attorney in issuing a restraining order, or for that matter, issuing any one of several legal processes, which on its face is valid but which is later set aside by court order, constitute an unlawful collection practice within the meaning of section 190.50 of the Penal Law?
The petitioners clearly will sustain irreparable personal and professional injury if they are not permitted to enjoin what may be useless arraignment and criminal proceedings by questioning the applicability of the criminal statute in this action for a declaratory judgment. The authority for this court to declare the unconstitutionality or inapplicability of a statute before one is forced to defend oneself in another forum is extensive (De Veau v Braisted, 5 AD2d 603, affd 5 NY2d 236, affd 363 US 144; Richfield Oil Corp. v City of Syracuse, 287 NY 234; New York Foreign Trade Zone Operators v State Liq. Auth., 285 NY 272; Dun & Bradstreet v City of New York, 276 NY 198; Reed v Littleton, 275 NY 150).
Therefore, since petitioners are threatened with irreparable injury and their application involves solely a question of law (cf. Reed v Littleton, supra, p 153), they should not be fore *653 closed from seeking declaratory and injunctive relief at this pre-embryonic stage of the criminal proceeding.
Additionally, the far-reaching implications of needlessly subjecting officers of the court to criminal prosecution if a particular criminal enactment was never intended to encompass their routine professional activities, even if erroneously performed, dictate that petitioners’ application for declaratory relief be entertained by this court.
Section 190.50 of the Penal Law provides: "A person is guilty of unlawful collection practices when, with intent to enforce a claim or judgment for money or property, he knowingly sends, mails or delivers to another person a notice, document or other instrument which has no judicial or official sanction and which in its format or appearance, simulates a summons, complaint, court order or process, or an insignia, seal or printed form of a federal, state or local government or an instrumentality thereof, or is otherwise calculated to induce a belief that such notice, document or instrument has a judicial or official sanction. ” (Italics supplied.)
Section 190.50 of the Penal Law makes it a crime when a person attempts to foist off as authentic an instrument which simulates an official document but which possesses no judicial or official sanction.
The petitioners’ conduct does not fall within this definition of an unlawful collection practice. The restraining notice in question was an authentic document issued by the petitioner attorneys acting in their capacity as officers of the court (CPLR 5222, subd [a]). It did not simulate a document which lacked judicial sanction. While CPLR 5222 (subd [c]) prohibits service of a second notice without leave of court and this court struck the notice in question as unauthorized (CPLR 5240), the document was still at all times an official document.
Even if, arguendo, this restraining notice be considered void ab initia, it still possessed some official sanction since petitioners had general authority under CPLR article 52 to issue the document (cf. Nuernberger v State of New York, 41 NY2d 111).
However viewed, there is no question that the act of issuing this restraining order without prior court approval does not fall within the parameters of the provisions of section 190.50 of the Penal Law as an unlawful collection practice since the document had some legal sanction and it did not simulate, but was what it purported to be, an official legal document.
*654 Therefore, this court hereby declares that the issuance of a second restraining notice by a court officer in violation of CPLR 5222 (subd [b]) is not an act proscribed by section 190.50 of the Penal Law. Accordingly, the respondents are hereby permanently enjoined from proceeding with the misdemeanor complaint filed by Dominick Sacco.