■ BERNARD FERGUSON, Appellant, v LILLIAM BARRIOS-PAOLI, as Personnel Director of the City of New York, et al., Respondents. [720 NYS2d 43] —Order, Supreme Court, New York County (Helen Freedman, J.), entered October 13, 1999, which denied petitioner's motion for leave to serve an amended petition adding 64 former New York City Transit Authority Police Department officers as additional party petitioners, and which granted respondents' motion for an order limiting the scope of the testimony at a hearing before a Special Referee to that of the named petitioner, unanimously reversed, on the law, without costs, petitioner's motion granted, respondents' cross motion denied, and the matter remanded to Supreme Court for further proceedings.

Petitioner Bernard Ferguson is presently a New York City police officer. Prior to the consolidation of protective services under the New York City Police Department (NYPD), petitioner Ferguson served as an officer with the New York City Transit Authority Police Department (TAPD). The subject proceeding was brought on behalf of petitioner and unnamed fellow officers, all of whom had been assigned to non-investigative duties in so-called "Category B" units with the TAPD. By virtue of such assignment, the officers were included in a "career path program," also known as the "TAPD investigative track," which entitled them to designation as Detective 3rd Grade upon completion of 53½ months' duty in the qualifying "Category B" unit. However, in anticipation of the integration of TAPD operations with its own, the NYPD performed an analysis comparing the TAPD investigative track with its own investigative track. The study concluded that while officers assigned to the TAPD's Applicant Investigations Unit were performing investigative duties comparable to units participating in the NYPD investigative track, the remaining "Category B" units— the Homeless Outreach Unit, the Surface Crime Unit, the Task Force Unit and the Vandals Unit—were performing non-investigative duties comparable to duties performed by NYPD units that were not participating in its own investigative track. Consequently, the NYPD terminated the TAPD program and assigned the participating officers to the NYPD investigative track. Former TAPD officers who had been assigned to the Applicant Investigations Unit were assigned to the NYPD investigative track. However, of the 33 former TAPD officers promoted to Detective 3rd Grade in the NYPD, only three formerly served in TAPD "Category B" units that the NYPD considered to be performing non-investigative duties.

The petition asserts that all the former TAPD officers, like

petitioner Ferguson, had amassed substantial service time in the TAPD investigative track (52 months in Ferguson's case) and would have been due for promotion in June 1995. It contends that respondents' refusal to assign petitioner to comparable duties and provide comparable opportunities for advancement within the NYPD violates Administrative Code of the City of New York § 14-103 (b) (2) and a memorandum of understanding, which provides that "members of the TAPD shall be transferred without any change in permanent civil service status and without any loss of civil service seniority." The petition seeks an order enjoining respondent from promoting any NYPD officer to the rank of Detective until petitioner receives promotion to the Detective rank.

By order dated March 18, 1996, Supreme Court (David Saxe, J.) referred "the issue of whether the petitioners [sic] performed any investigative work comparable to investigative work performed in the NYPD" to a Special Referee. The City thereupon requested clarification of the order, contending that Ferguson, who had not moved to certify the class pursuant to CPLR 901, lacked standing to assert the claims of anyone other than himself. Before the hearing could be conducted, however, petitioner Ferguson's attorneys, Gold & Boyarsky, sought to withdraw as counsel. This application culminated in an order directing substitution of counsel within 30 days, in which the issue of class certification was not reached. The matter was marked off the court's calendar in January 1997 due to nonappearance of the parties and subsequently restored upon motion of petitioner's new attorneys. Again, the question of class certification was not raised.

Petitioner formally moved for an order "granting Petitioners leave to serve and file an Amended Petition * * * naming each of the Petitioners herein in the caption" in June 1999. Petitioner Ferguson annexed a handwritten list of the 65 TAPD officers who had originally retained Gold & Boyarsky to prosecute this proceeding, paying a nonrefundable retainer. The affirmation of another former TAPD officer states that the firm considered it too cumbersome to draw a caption naming all 65 petitioners in the petition. Petitioner Ferguson argued that the City's failure to submit a motion opposing class certification should estop respondents from seeking such relief. In opposition, the municipal respondents maintained that Ferguson's motion to amend the petition is a thinly-veiled attempt to circumvent the class certification requirement (CPLR 901), the four-month Statute of Limitations applicable to CPLR article 78 proceedings (CPLR 217) and the requirements for interven-

tion in an action (CPLR 1013). Meanwhile, the City moved *in limine* to limit the scope of the testimony presented at the hearing to the individual claim of petitioner Ferguson.

The IAS Court consolidated the motions, denying leave to amend the petition and restricting testimony at the hearing. The court reasoned that, in the absence of a motion to certify the class, the claims of the additional 64 former TAPD officers are time-barred.

The caption of the petition and order to show cause clearly refer to a proceeding "on behalf of all former New York City Transit Authority Police Department Officers who were on the 53½ Month Career Path to become Detectives," and both the answer of the municipal respondents and various orders issued by Supreme Court refer to "petitioners" in the plural. Moreover, this is a proceeding involving a challenge to administrative action, in which context class action status is deemed unnecessary—whether relief is sought by way of CPLR article 78 (*Matter of Jones v Berman*, 37 NY2d 42, 57) or a plenary action (*Rivers v Katz*, 67 NY2d 485, 499)—on the reasoning that *stare decisis* operates to the benefit of any person or entity similarly situated (*Matter of Rivera v Trimarco*, 36 NY2d 747, 749).

It is beyond question that the claims of the proposed intervenors and the claim advanced by petitioner Ferguson derive from the same adverse determination by the NYPD, which ended the TAPD career path program. Whether the proposed claims are timely is governed by CPLR 203 (f), which provides: "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." As the Court of Appeals explained, a claim subsequently asserted may be interposed when: "the proposed intervenor's claim and that of the original petitioner are based on the same transaction or occurrence. Also, the proposed intervenor and the original petitioner must be so closely related that the original petitioner's claim would have given the respondent notice of the proposed intervenor's specific claim so that the imposition of the additional claim would not prejudice the respondent" (*Matter of Greater N. Y. Health Care Facilities Assn. v DeBuono*; 91 NY2d 716, 721).

Given the various references in the pleadings and court orders, the municipal respondents can hardly profess surprise that relief from their administrative determination is sought on behalf of more than one police officer. While all of the af-

fected officers were not assigned to the same TAPD unit, it is uncontroverted that duty in each of the five "Category B" units specified under the TAPD program qualified the officers to advancement within 30 days after completion of the requisite period of service. Moreover, as respondents concede, CPLR 7802 (d) permits "other interested persons" to intervene in the proceeding, conferring upon the court greater latitude in allowing intervention than CPLR 1013, which requires that a claim proposed to be asserted in an *action* involve "a common question of law or fact" (*see, Matter of Greater N. Y. Health Care Facilities Assn. v DeBuono, supra,* at 720). In addition, the analysis conducted by NYPD, comparing the TAPD investigative track with the NYPD investigative track, suggests that the City was aware of the identity of the officers involved in the comparable TAPD program. The issues raised by the claims sought to be interposed bear sufficient similarity to the claim contained in the original petition to invoke the relation-back doctrine of CPLR 203 (f). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Rubin, JJ.