| **Council of the City of N.Y.** |
|:---:|
| 2025 NY Slip Op 31941(U) |
| June 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154909/2025 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**          PART          **33M**

_Justice_

-----------------------------------------------------------------------X

THE COUNCIL OF THE CITY OF NEW YORK,                  INDEX NO.      154909/2025

                          Plaintiff-Petitioner,       MOTION DATE    05/23/2025

For a Judgment Under Article 30 and 78 of the Civil Practice          MOTION SEQ. NO.      004
Law and Rules


MAYOR ERIC ADAMS, in his official capacity as Mayor of         **DECISION + ORDER ON**
the City of New York, RANDY MASTRO, in his official                  **MOTION**
capacity as First Deputy Mayor, and the NEW YORK CITY
DEPARTMENT OF CORRECTION,

                          Defendants-Respondents.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 66, 67, 68, 72, 81, 82, 83, 84, 85, 86

                                              Council Members Holden, Vernikov, and Paladino's
were read on this motion to/for      _____request for leave to appear as _Amici Curiae_____ .

Upon the foregoing documents, and after a final submission date of June 2, 2025, New York City Council Members Robert F. Holden, Vickie Paladino, and Inna Vernikov's ("Movants") application seeking leave to appear as _amici curiae_ is granted.

In deciding the Movants' application, the Court is guided by the factors identified by Justice Doris Ling-Cohan in her oft cited decision, _Kruger v Bloomberg_, 1 Misc.3d 192, 198 (Sup. Ct., New York County 2003). Those factors are:

(1) whether the movant seeking amicus curiae status moves by order to show cause in a timely fashion so as not to interfere with the main action;

(2) whether the affirmation in support indicates the movant's interest in the case at bar;

(3) whether the affirmation in support makes a showing that (a) the parties to the action are not capable of a full presentation of the issues and the movant is able to remedy this deficiency, or (b) the movant invites the court's attention to

[* 1]

arguments which otherwise might escape consideration, or (c) the amicus curiae brief would be of special assistance to the court;

(4) whether the amicus curiae application or status would substantially prejudice the rights of the parties; and

(5) whether the case concerns questions of important public interest.

Here, although the Movants seek leave via order to show cause, their application is late. The application was filed on May 23, 2025, at 4:25 p.m. The hearing date for which Movants seek leave to appear as amici is June 3, 2025 – Movants offered little more than a week to any party who might oppose this application and less time for the Court to decide whether leave is appropriate. They could have and should have moved for leave alongside the other amici, on May 12, 2025. Therefore, the first factor weights against Movants. Moreover, the application does not contain any affirmation from the individual council members stating their interest but relies solely on an affirmation from the Movants' counsel, which is devoid of any probative value (*see, e.g. Berkshire Bank v Fawer*, 187 AD3d 535 [1st Dept 2020] citing *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Thus, the Court finds the second factor also weighs against Movants as they have failed to personally set forth their interest in this matter.

As to the third factor, the Court finds that the proposed brief largely reiterates positions maintained by Defendants-Respondents, and there is no showing that the interests and arguments set forth by the Movants will go unnoticed or fall to the wayside as they align almost identically with Defendants-Respondents' interests. Therefore, the third factor therefore also weighs against Movants.

As to the fourth factor, the Court is concerned that granting leave to individuals like Movants to appear as amici may open the flood gates to any person who claims to have an interest in the litigation, thereby prejudicing the main parties by having to review constantly and potentially

**154909/2025  THE COUNCIL OF THE CITY OF NEW YORK vs. ADAMS, ERIC ET AL**
**Motion No.  004**

**Page 2 of 4**

2 of 4

[* 2]

oppose applications to appear as amici. It is well known that amici are usually "large organizations or associations that represent a particular interest group." (*Deblase v Hill*, 83 Misc 3d 1242[A] at *4 [Sup. Ct. Kings County 2024] quoting *Kruger v Bloomberg*, 1 Misc 3d 192, 196 [Sup Ct, NY County 2003]). On this principle, the Court finds granting leave to these individual council members to appear as amici may prejudice and delay the proceedings. If these individuals are allowed to appear as *amici*, where will the Court draw the line for other individuals who claim to have an interest or stake in this litigation? The Court finds amicus applications from large organizations representing interest groups are preferred over atomized individuals. Therefore, the fourth factor weighs against the Movants.

However, the Court finds the fifth factor weighs in the Movants favor. Given the issues at stake in this litigation, the Court finds the fifth factor weighs so heavily in Movants' favor that the Movants' failure to succeed on the other four factors is not dispositive.

The Court is mindful that in some other case, given the numerous factors which weighed against Movants, their application would be denied. However, given the weighty issues before the Court, and this Court has granted leave to various non-profit organizations supporting Plaintiff-Petitioner's request for injunctive relief, the Court, in the interest of justice and ensuring stakeholders on both sides of this litigation are heard, grants the Movants' application. The granting of this application will not change the hearing date of June 3, 2025, at 10:00 a.m. in 60 Centre Street, Room 300.

Accordingly, it is hereby,

ORDERED that the order to show cause seeking leave to appear as *Amici Curiae* filed by New York City Council Members Robert F. Holden, Vickie Paladino, and Inna Vernikov is granted; and it is further

ORDERED that the proposed amicus brief (NYSCEF Doc. 68) shall be deemed filed *nunc pro tunc* upon the service of a copy of this Decision and Order with notice of entry on all parties via NYSCEF; and it is further

ORDERED that within one day of entry, counsel for Movants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/2/2025 | | *May V Rosado. JSC* |
|----------|--|---------------------|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|------------------|-------------------------|--|
| | ☒ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154909/2025   THE COUNCIL OF THE CITY OF NEW YORK vs. ADAMS, ERIC ET AL**          Page 4 of 4
**Motion No.  004**

4 of 4

[* 4]